NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE PORAUTO INDUSTRIAL CO., LTD., ACCUAIRE CORP. AND CHIH-HSIANG HSU,**
*Petitioners.*

---

2014-130

---

On Petition for Writ of Mandamus to the United States District Court for the District of Nevada in No. 2:12-cv-01859-LDG-NJK, Judge Lloyd D. George.

---

**ON PETITION**

---

Before LOURIE, DYK, and REYNA, *Circuit Judges.*

LOURIE, *Circuit Judge.*

## O R D E R

Petitioners Accuaire Corp., Porauto Industrial Co., Ltd., and Chih-Hsiang Hsu seek a writ of mandamus directing the United States District Court for the District of Nevada to dismiss the underlying patent infringement case. Respondents Kabo Tool Company and Chih-Ching Hsien oppose.

In October 2012, respondents, a Taiwanese tool company and its CEO, filed suit in a federal district court in Nevada for infringement of a U.S. patent. Petitioners,

also Taiwanese residents, moved for dismissal of the complaint for lack of personal jurisdiction.  The district court denied the motion on the papers based on, among other things, allegations that petitioners directly sold and distributed the accused products in Nevada through a long-standing distribution partnership with a Nevada corporation.  The district court further found that the burden imposed on petitioners in having to litigate in Nevada did not outweigh the interest of the United States in protecting U.S. patents and Nevada's interest in seeking redress for harms that have taken place in that state resulting from the alleged infringement.

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 402 (1976).  Accordingly, "three conditions must be satisfied before it may issue." *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004).  The petitioner must show a "'clear and indisputable'" right to relief.  *Id.* at 381 (quoting *Kerr*, 426 U.S. at 403).  The petitioner must "lack adequate alternative means to obtain the relief" it seeks.  *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 309 (1989); *Cheney*, 542 U.S. at 380; *Kerr*, 426 U.S. at 403.  And "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney*, 542 U.S. at 381.

Petitioners have not met this standard.  Based on the arguments in the papers, we are not prepared to issue a writ of mandamus to disturb the district court's ultimate conclusion that jurisdiction over the petitioners in Nevada would be reasonable and fair.  Nor have petitioners explained why any argument concerning a lack of jurisdiction cannot be meaningfully reviewed on appeal after final judgment.  Thus, petitioners have also failed to establish that they lack an alternative means to obtain the relief they seek.  *See Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953) ("[I]t is established that

IN RE PORAUTO INDUSTRIAL CO., LTD.                              3

the extraordinary writs cannot be used as substitutes for appeals . . . even though hardship may result from delay and perhaps unnecessary trial[.]").

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.

> FOR THE COURT
>
> /s/ Daniel E. O'Toole
> Daniel E. O'Toole
> Clerk of Court

s26